

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. A. N. Steinle
County Attorney
Atascosa County
Jourdanton, Texas

Dear Sir:

Opinion No. O-987
Re: Expenses of sheriff in conveying
feebleminded persons and lunatics
to State Institutions.

Your request for opinion upon the following
questions:

"What fee or mileage is the sheriff
entitled to for conveying a feebleminded
person to the State Institution of Abilene,
where the county must pay the bill?

"What is the sheriff entitled to for
conveying a negro lunatic to Rusk, Texas,
to the State Institution, where the county
is obligated to pay the bill?"

has been received by this department.

Articles 3867, 3868, 3869, 3870 and 3871, Revised Civil Statutes of Texas, deal with proceedings in cases of feebleminded persons but provide no fee for the sheriff for his services in conveying such person to such Institution.

Article 3871, Revised Civil Statutes of Texas, reads as follows:

"Commitment - If such person be found to
be feeble minded, the court shall enter its

order so adjudging him, and that he be committed to the custody of the Austin State School. Upon the entry of such order, the judge shall cause to be prepared a transcript of the proceedings and evidence, which shall show the age, sex, race, status and mental condition of the patient, all of which he shall certify to be correct, and transmit the same to the superintendent of such school. If the patient is entitled to be received into the school, and there is sufficient room therein, the superintendent shall notify said judge thereof, whereupon the judge shall arrange to send such person to said school in like manner in all respects as is provided for the sending of insane patients to an asylum."

Article 3899, Revised Civil Statutes of Texas, provides for the payment of the actual and necessary expenses incurred by officers in the conduct of their offices.

Article 3194, Revised Civil Statutes of Texas, reads as follows:

"Transportation - The expenses of conveying all public patients to the asylum shall be borne by the counties respectively from which they are sent; and said counties shall pay the same upon the sworn account of the officer or person performing such service, showing in detail the actual expenses incurred in the transportation. In case any public patient is possessed of property sufficient for the purpose, or any person legally liable for his support is so possessed of property, the county paying the expenses of such transportation shall be entitled to reimbursement out of the estate of the lunatic or the property of the person liable for his support, which may be recovered by the county on suit brought therefor."



On March 19, 1929, this department held in an opinion written by Hon. R. D. Cox, Jr., Assistant Attorney General of Texas, that a sheriff was entitled to receive only actual expenses incurred in conveying a convicted lunatic to the asylum as authorized by Article 3194, Revised Civil Statutes of Texas.

On January 16, 1936, this department held in an opinion written by Hon. Joe J. Alsup, Assistant Attorney General, that the commissioners' court of a county was unauthorized to allow the sheriff the sum of ten cents per mile for conveying a patient to the state hospital, but that said sheriff was allowed only his actual expenses in the discharge of his duties in this respect.

Therefore, you are respectfully advised that it is the opinion of this department that a sheriff who conveys feebleminded persons and lunatics to State Institutions, where the county is obligated to pay the bill, is allowed only his actual expenses in the discharge of his duties in these respects.

Trusting that this answers your inquiry, we are

Very truly yours

APPROVED JUN 22, 1939

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

ATTORNEY GENERAL OF TEXAS

WJF:AW

APPROVED
OPINION
COMMITTEE
BY B.W.
CHAIRMAN